ANDERSON JONES v. JOHN SHAW and others.

*Practice—New Trial.*

Where the facts of a case are so meagre and uncertain as that this court cannot in justice to the parties pass upon the question raised in the pleadings, a new trial will be granted.

CIVIL ACTION tried at Fall Term, 1880, of MOORE Superior Court, before *Avery, J.*

The plaintiff submitted to a nonsuit and appealed.

*Messrs. Hinsdale & Devereux,* for plaintiff.
*Messrs. John D. Shaw* and *J. C. Black,* for defendants.

ASHE, J. The action was brought upon two written instruments not under seal, dated respectively August 24th, 1860, and April 24th, 1861. Both of said papers are signed by Shaw & Turner, it being admitted that the two defendants at the date of said papers were trading under that name and style. The following language is used in both, to-wit: "We have sold the above notes to Anderson Jones, which he is to use all diligence in collecting, and if he fails we are to take them up from him,"—each of these instruments is preceded by a list of notes assigned to the plaintiff. The plaintiff alleges in his complaint that up to a short time before the commencement of this action, he has been using all diligence in the collection of the notes, and has failed to collect certain notes mentioned in his complaint and a few days before suit brought requested said defendants to take up the notes and to pay him the amount due upon the same, but they refused so to do, and that he tendered them to the defendants upon the payment of the amount due. The defendants in their answer stated:

1. That the plaintiff had never notified them or either of them before the commencement of the action of his inability to collect those claims or any of them mentioned in the complaint.

2. That the plaintiff did not use reasonable diligence in endeavoring to collect the claims sued on.

3. That the plaintiff's claim is barred by the statute of limitations.

The summons was issued on the 22d of July, 1879.

On the trial the plaintiff's counsel offered to prove by the plaintiff himself: 1st. That he has been making diligent efforts to collect the claims mentioned in paragraph four of the complaint, until a short time before the suit was brought and that after the decision of the supreme court of the United States on the homestead law in 1878, he again put the claims in the hands of a constable, but has failed to

collect them.  2d.  That within the last three  years he has had several conversations with each of the defendants in regard to their liability on the guaranties; that defendant Turner asked  him to do all  he could  to collect these notes and that he would do what was right on his guaranty; that Shaw, the other defendant, said he would do what was right in the matter.  3rd.  That a demand was made upon both of the defendants a short time, to-wit, within six months before suit brought.  The plaintiff's counsel stated that he could offer no testimony except this to repel the plea of the statute of limitations.  And upon an intimation from the court that the action was barred by the statute, the plaintiff submitted to a nonsuit and appealed.

The only question in the case for our consideration is, whether the plaintiff's action was barred by the statute of limitations.  But the facts of the case are so meagre and uncertain that it is impossible to say whether the statute applies to the action, and if it does, at what time it began to run.  The plaintiff proposed to prove that he had been making diligent efforts to collect the claims mentioned in the complaint, for the failure to collect which, he sought to hold the defendants liable, to within a short time before the institution of the action.  It was important to a correct understanding of the question whether the action was barred by the statute that the plaintiff's evidence in regard to the degree of diligence used by him in the collection of the claims should have been heard.  But His Honor, by intimating his opinion, *in limine,* in regard to the bar of the statute, drove the plaintiff to a nonsuit and thereby prevented a full development of his evidence, which might have presented such a state of facts as to exclude the application of the statute.  We think the action of the court was premature and unwarranted by the facts as set forth in the record.  If the plaintiff had been allowed to proceed with his testimony, there are several interesting questions in-

volved in the case which would most probably have arisen, the solution of which might have become necessary to a just determination of the case. Some of these are : Whether the statute of limitations applies to the case? and if it applies, when did it begin to run ? Were the defendants discharged by the laches of the plaintiff by reason of the lack of due diligence as of not notifying the defendants in a reasonable time of his inability to collect and that he would hold them responsible for their guaranty ? Whether the defendants have sustained any loss by the want of due diligence on the part of the plaintiff, as affecting their discharge, and whether the promises, if made by the defendants within three years before the commencement of the action, to do what was right in regard to the guaranty were sufficient to remove the bar of the statute or revive the guaranty? We are of the opinion the nonsuit should be set aside and a new trial awarded, and we have come to this conclusion not so much because the opinion intimated by His Honor appears to be wrong as because we cannot see that it is right.

There is error. Let this be certified to the superior court of Moore county to the end that a new trial may be had.

Error. *Venire de novo.*